INHABITANTS OF SOLON *versus* JOSEPH PERRY.

It is discretionary with the overseers of the poor of a town in which there is a county jail, whether or not they will exercise the authority vested in them by R. S., c. 24, § 26, by setting "to work, so far as is necessary for his support, any debtor committed, and then chargeable to any town in the State for his support."

And when a town in which a jail is situated, upon finding a debtor therein, actually destitute and in distress, has paid said debtor's board, and, after due notice, recovered the same of the town in which the debtor has his legal settlement, the latter town, by virtue of R. S., c. 24, § 26, may, in an action of assumpsit, recover the expenses thus incurred, "of the creditor, at whose suit the debtor was committed, at the rate fixed by law for his support."

Courts are liberal in allowing amendments to declarations when the "person and case can be rightly understood." And the allowance or disallowance of such amendments is a matter of discretion.

ON FACTS AGREED.

ASSUMPSIT by a town, in which a poor debtor in jail on execution had his legal settlement, against the creditor, at whose suit the debtor was committed, to recover for the board of the debtor during his confinement.

The writ originally contained a count of *indebitatus* assumpsit on an account annexed, and another for money paid by the plaintiffs for the use of the defendant, at his request. Under a general leave to amend, the plaintiffs annexed a special count setting forth all the facts, and another for twenty-one dollars, for so much money paid at defendant's request to the town of Norridgewock for the support of a debtor, (named,) from Dec. 26, 1865, to Feb. 14, 1866, whose settlement was then in the plaintiff town, and who was confined in jail in Norridgewock, by virtue of an execution in favor of the defendant, in consideration whereof the defendant promised, &c., to which the defendant seasonably objected and the objection was overruled.

The Court were to decide upon the admissibility of the

amendment, and to enter such judgment as the law and facts required.

*O. R. Batcheller*, for the plaintiffs,

On the question of amendment, cited R. S., c. 82, § 10; *Pullen* v. *Hutchinson*, 25 Maine, 249; *Herrick* v. *Osborne*, 39 Maine, 231.

On the question of recovery, *Norridgewock* v. *Solon*, 49 Maine, 385; R. S., c. 24, § 26.

*N. M. Whitmore*, 2*d*, for the defendant.

Original count was *indebitatus assumpsit* upon account annexed; the amended count is upon a statute.

1. It does not appear that the alleged pauper was destitute; this condition precedent to Norridgewock's right of recovery against Solon. The *onus* is upon the party affirming a destitution. *Bangor* v. *Hampden*, 41 Maine, 484; *Norridgewock* v. *Solon*, 49 Maine, 385; *Clinton* v. *Benton*, 49 Maine, 550.

On the question of destitution, as between the town of settlement and the creditor, the town must satisfactorily show that they have made a careful investigation into the alleged pauper's means, and that the debtor cannot support himself, or the town collect pay for his support from the debtor. A town should not be allowed to collect pay for the support of one of its townsmen, or for one having his settlement there, against a stranger because he is his creditor, until they have produced the most satisfactory proof that the debtor is a pauper literally.

Debtor was not a pauper, and Norridgewock paid direct to jailer without investigation.

2. Obligation of creditor is conditional. It does not affirmatively appear that Norridgewock tried to set the debtor to work. R. S., c. 24, § 26. *May* means *must* in this statute.

3. The remedy should be case, and not assumpsit. *Sanford* v. *Haskell*, 50 Maine, 86. Assumpsit for pauper support is limited. R. S., c. 24, § 34.

APPLETON, C. J.—It is admitted, in this case, that Samuel Eaton was legally committed to the jail in Norridgewock in the county of Somerset, on an execution against him and in favor of the defendant, Joseph Perry. The committal was on 26th Dec., 1865, and the debtor refusing to pay his board, to make the statement that he was unable to pay it, to support himself or to furnish security for his support, the jailer immediately notified the overseers of the poor of Norridgewock and claimed of them pay for said Eaton's board. The town of Norridgewock seasonably gave the plaintiff town, in which Eaton had his settlement, due notice of these facts.

The town of Norridgewock paid the jailer for the board of Eaton until April, 1866, when he was discharged. They then brought their action and recovered judgment against the plaintiffs for the amount by them paid. *Norridgewock* v. *Solon,* 49 Maine, 385.

The plaintiffs, having paid the amount recovered against them, bring this action against the defendant for the amount so paid, under the provisions of R. S., 1857, c. 24, § 26, by which " the town where he (the debtor committed) has his settlement is liable to pay the expenses incurred, not so paid by him ; and the town incurring them may recover the same of the creditor, at whose suit he was committed, at the rate fixed by law for his support."

It is manifest that the jailer could not have maintained an action under R. S., 1857, c. 113, § 51, because the debtor did not make "a written complaint, by him signed and sworn to, stating that he is unable to support himself in jail, and has not sufficient property to furnish security for his support," &c.

It is objected that the plaintiffs cannot recover because Eaton was not a pauper. But he was in jail, deprived of his liberty, and without apparent means. It was a matter of discretion, with the overseers of the town of Norridgewock, whether or not they should set him " to work so far as necessary for his support." He was actually destitute and in

distress, and, in such case, it was the duty of the overseers of the poor, in the town in which he was so found, to relieve him, and, relieving him, they are entitled to recover for the amount furnished, against the town in which the person thus committed has his legal settlement. *Norridgewock* v. *Solon*, 49 Maine, 385.

Assumpsit is the proper form of action in pauper cases. It lies on an implied promise to discharge a legal obligation created by statute. *Bath* v. *Freeport*, 5 Mass., 327. So, assumpsit upon an implied promise will lie by a creditor to recover of his debtor the amount he has paid the jailer for his board while imprisoned on the creditor's execution. *Plummer* v. *Sherman*, 29 Maine, 555 ; *Spring* v. *Davis*, 36 Maine, 399.

By the writ, as originally drawn, "the person and case can be rightly understood." R. S., 1857, c. 82, § 10. Courts are liberal in the allowance of amendments for the furtherance of justice. The amendments proposed were allowed by the Court. Their allowance or disallowance was a matter of discretion. *Judgment for the plaintiff.*

CUTTING, WALTON, BARROWS and TAPLEY, JJ., concurred.